■ GREATE BAY HOTEL & CASINO, Appellant, v ANGELA CHAN, Respondent. [657 NYS2d 424] —Order, Supreme Court, New York County (Carol Arber, J.), entered March 15, 1996, which granted defendant's motion for a protective order pursuant to CPLR 5240 to the extent of vacating the restraint on her safe deposit boxes and bank accounts and precluding plaintiff from executing on or forcing the sale of her home, while directing that plaintiff may assert its lien in the amount of the unpaid portion of its judgment upon defendant's voluntary sale of her home, and may move, on proper notice, for appropriate relief should defendant fail to comply with the payment schedule fixed by the New Jersey court that originally rendered the judgment, unanimously modified, on the law, the motion denied insofar as defendant seeks vacatur of the lien on real property located in New Jersey, and the order, except as thus modified, affirmed, without costs or disbursements.

Since defendant made the payments, albeit, at times, in an untimely fashion, required by the judgment plaintiff obtained

against her in New Jersey, the IAS Court properly exercised its discretion in vacating the restraint on defendant's bank accounts and safe deposit boxes. (*See, Guardian Loan Co. v Early*, 47 NY2d 515, 519.) The court, however, was without jurisdiction to preclude plaintiff from executing on or forcing the sale of real property owned by defendant which is located in New Jersey or to otherwise limit plaintiff in its assertion of rights with respect to a lien on that property. Concur—Sullivan, J. P., Milonas, Nardelli, Williams and Mazzarelli, JJ.